NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE R. MARTIN,

            Plaintiff-Appellant,

    v.

R. BERG, MTS Officer; M. RINI, MTS
Officer,

            Defendants-Appellees.

No.    19-55255

D.C. No. 3:17-cv-01750-AJB-LL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted December 11, 2019[**]

Before:      WALLACE, CANBY, and TASHIMA, Circuit Judges.

    Lance R. Martin appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging that Metropolitan Transit System Officers

Berg and Rini falsely arrested Martin in violation of the Fourth Amendment.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).

The district court properly dismissed Martin's action because Martin failed to allege facts sufficient to show that Berg and Rini in fact arrested him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))); *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.").

Because Martin denies bringing state-law false arrest claims against Berg and Rini, we do not consider the district court's finding that those claims are barred by the California Government Code. We also do not consider any other matters not specifically and distinctly raised and argued in the opening brief. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (concluding pro se appellant abandoned issues not argued in his opening brief).

Martin's motion to take judicial notice of court documents related to a fare evasion citation issued after the district court's order of dismissal is denied.

**AFFIRMED.**

19-55255